NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TYRONE MORGAN a/k/a TYREN          )
MARCEL MORGAN, DOC #113894,        )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D16-4558
                                   )
STATE OF FLORIDA,                  )
                                   )
          Appellee.                )
                                   )

Opinion filed August 30, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Philip J. Federico,
Judge.

Tyrone Morgan a/k/a Tyren Marcel
Morgan, pro se.


ROTHSTEIN-YOUAKIM, Judge.

          Tyrone Morgan appeals from the denial of his untimely motion for

postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  We affirm

because Morgan filed[1] his motion more than two years after November 7, 2013, the

_____

          [1]Although the postconviction court's order indicated that Morgan had filed
his motion on September 14, 2016, the motion, pursuant to the mailbox rule, is deemed
filed as of the date that Morgan relinquished it to prison officials for delivery, see Haag
v. State, 591 So. 2d 614, 617 (Fla. 1992), which was September 9, 2016.

date on which his judgment and sentence became final, and because Morgan failed to assert any cognizable exception to the two-year limitation.  See Fla. R. Crim. P. 3.850(b).

However, in light of Morgan's allegation in ground three that his trial counsel never complied with his request to appeal—a ground upon which the postconviction court could not have ruled on the merits, see Fla. R. App. P. 9.141(c)— our affirmance is without prejudice to Morgan petitioning this court for belated direct appeal pursuant to rule 9.141(c), provided that he both can allege a good-faith basis and observes the time limits prescribed in rule 9.141(c)(5), which would require that the petition be filed no later than November 7, 2017.  See Fla. R. App. P. 9.141(c)(5)(A) ("A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner was unaware a notice of appeal had not been timely filed or was not advised of the right to an appeal or was otherwise prevented from timely filing the notice of appeal due to circumstances beyond the petitioner's control, and could not have ascertained such facts by the exercise of reasonable diligence.  In no case shall a petition for belated appeal be filed more than 4 years after the expiration of time for filing the notice of appeal.").  Any such petition for belated appeal should specifically reference this case number and the September 9, 2016, filing date of his rule 3.850 motion.

Affirmed without prejudice.

WALLACE and SLEET, JJ., Concur.